DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Thomas Hanson, was convicted on two counts of robbery and one count of kidnaping. Because appellant failed to file a motion for leave to bring his discretionary appeal as required by R.C. 2953.08(C), this court must dismiss this appeal for lack of jurisdiction.
Appellant was sentenced to five years in prison for the first count of robbery, seven years in prison for the second count of robbery and five years in prison for the kidnaping charge. The sentence for the first count of robbery was ordered to be served concurrently with the sentence for kidnaping but consecutively to the second count of robbery for a total prison term of twelve years. Appellant now appeals setting forth the following assignment of error:
 "THE TRIAL COURT COMMITTED ERROR WHEN IT IMPOSED CONSECUTIVE SENTENCES TOTALING TWELVE (12) YEARS."
R.C. 2953.08(C) states in pertinent part:
 "a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true."
Appellant was sentenced to serve seven years in prison for robbery, his most serious offense. The maximum sentence he could have received for robbery, a second degree felony, was eight years. R.C. 2929.14(A)(2). Appellant was also sentenced to five years for the second degree felony of kidnaping. The order that the sentences be served consecutively therefore resulted in an aggregate prison term (twelve years) that exceeded the maximum amount of time the trial court could have imposed upon appellant for his most serious offense, robbery.
The record shows that appellant never sought leave in this court to pursue his appeal of his consecutive sentences. Since the only argument he presents is that the amount of time imposed by running the sentences consecutively is excessive, and since he never filed leave to bring his discretionary appeal, this court lacks jurisdiction to consider appellant's appeal. See, e.g., State v. Hallauer (Sept. 14, 2001), Lucas App. No. L-01-1053, unreported.
This appeal is dismissed for lack of jurisdiction. Appellant is ordered to pay the court costs of this appeal.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.